FILED
HARRISBURG, PA

FEB 0 1 2022

PER _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:23-CR- 023 |
| | : | |
| v. | : | |
| | : | (Judge Conner    ) |
| **KATHY L. YEATTER and** | : | |
| **MICHAEL E. STRAUSBAUGH,** | : | |
| | : | |
| Defendants. | : | |

# I N D I C T M E N T

THE GRAND JURY CHARGES:

## COUNT 1
### 21 U.S.C. § 846
(Conspiracy to Distribute and Possess with Intent to Distribute
Tapentadol and Fentanyl)

From on or about August 29, 2021, and continuing thereafter until

on or about July 20, 2022, in York County, within the Middle District of

Pennsylvania and elsewhere, the defendants,

## KATHY L. YEATTER and
## MICHAEL E. STRAUSBAUGH,

knowingly and intentionally combined, conspired, confederated, and agreed

together and with other persons known and unknown to the Grand Jury,

to commit the following offenses against the United States: to knowingly

and intentionally distribute and possess with intent to distribute tapentadol, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
21 U.S.C. § 846
(Attempted Possession with Intent to Distribute Tapentadol)

On or about June 17, 2022, in York County, within the Middle District of Pennsylvania, the defendant,

### KATHY L. YEATTER,

knowingly and intentionally attempted to possess with intent to distribute tapentadol, a Schedule II controlled substance, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
21 U.S.C. § 846
(Attempted Possession with Intent to Distribute Tapentadol)

On or about June 18, 2022, in York County, within the Middle District of Pennsylvania, the defendant,

**KATHY L. YEATTER,**

knowingly and intentionally attempted to possess with intent to distribute tapentadol, a Schedule II controlled substance, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
21 U.S.C. § 841
(Possession with Intent to Distribute Tapentadol and Fentanyl)

On or about July 20, 2022, in York County, within the Middle District of Pennsylvania and elsewhere, the defendants,

**KATHY L. YEATTER and
MICHAEL E. STRAUSBAUGH,**

knowingly and intentionally possessed with intent to distribute tapentadol, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

## FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 to 4 of this Indictment, which are realleged and incorporated by reference here, the defendants,

**KATHY L. YEATTER and
MICHAEL E. STRAUSBAUGH,**

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of the violations, including but not limited to the following:  Approximately $3,000.00 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

2/1/2023
Date

GERARD M. KARAM
United States Attorney

SAMUEL S. DALKE
Assistant United States Attorney